AE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GOTTLIEB MEMORIAL HOSPITAL,       )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )  No. 05 C 4583
                                   )
**SPRINKMANN SONS CORP., SPRINKMANN** )
**SONS CORP. EMPLOYEE BENEFIT PLAN, and** )
**CORNERSTONE BENEFITS ADMINISTRATOR,** )
**INC.,**                          )
                                   )
          Defendants.              )

## MEMORANDUM OPINION AND ORDER

Defendants Sprinkmann Sons Corp., Sprinkmann Sons Corp.
Employee Benefit Plan ("Sprinkmann"), and Cornerstone Benefits
Administrator, Inc. ("Cornerstone") move to dismiss plaintiff
Gottlieb Memorial Hospital's ("Gottlieb") complaint for lack of
subject matter jurisdiction. Alternatively, defendants move for
judgment on the pleadings for failure to exhaust administrative
remedies.

### I.  Motion to Dismiss

In assessing a Fed. R. Civ. P. 12(b)(1) motion, I must accept
all well-pleaded facts in plaintiff's complaint as true and view
the allegations in the light most favorable to the plaintiff.
*Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003)
(citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.
1999)). I may also look "beyond the jurisdictional allegations of

1

the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.*

Defendants contend plaintiff fails to present a claim arising under federal law, specifically the Employee Retirement Income Security Act ("ERISA"), as alleged in the complaint.[1] Instead, they argue, the parties' relationship is governed not by the Sprinkmann Employee Benefit Plan ("the Plan"), but by the PPO agreement. As a result, the issue in this case concerns not a federal question, but contract interpretation under state law. In support of their motion, defendants attach two pages of correspondence (without the enclosures) by counsel on behalf of Gottlieb addressed to Cornerstone, which set forth "an appeal to adjust [a] claim" for services incurred by Barbara Rog (the underlying insured) in July 2003 and May 2004. (Defendants' Exhibit A.) The correspondence identifies the expenses incurred by the insured, the dates of service, and the existence of "agreements [by Gottlieb] with select payors which extend preferential rates to those payors who meet specific terms of the agreement." (Id.) It

---

[1]Plaintiff does not assert diversity jurisdiction. Gottlieb is an Illinois corporation, located in and doing business in Illinois; Sprinkmann is a Wisconsin corporation, with its principal place of business in Wisconsin; Cornerstone is an Indiana corporation with its principal place of business in Indiana. The damages sought in the complaint do not exceed $75,000.

also provides "[y]our insured has assigned all of his rights relating to this claim to Gottlieb" and requests "a copy of the actual insurance policy providing healthcare benefits to your insured . . ." (Id.) Defendants do not, however, submit the actual PPO agreement in support of their motion.[2]

Viewed in the light most favorable to the plaintiff, the complaint sufficiently alleges an ERISA claim. It identifies the underlying insured as a participant or beneficiary of an employee group health benefit plan, provided by Sprinkmann and administered by Cornerstone, who "assigned in writing all of his rights and benefits" under the Plan. (Complaint ¶¶ 7-9.) The complaint also alleges that "[p]rior to receipt of services, employees of the plaintiff contacted the defendants . . . and confirmed that Gottlieb's charges for covered goods and services would be paid by the defendants, pursuant to the terms of the Plan." (Id. at ¶ 15.) Furthermore, it also states that "defendants failed and refused to pay for said services at the agreed-upon rate." (Id. at ¶ 17.) Therefore, the complaint sufficiently alleges that (I) plaintiff has been assigned the participant or beneficiary's rights and benefits and (ii) defendants failed to comply with their duties

---

[2]In opposing this motion, plaintiff submits an affidavit by Sandy Mendel, Gottlieb's Director of Patient Financial Services, which states the defendants are not parties to the PPO agreement. (Exhibit A ¶ 5.)

3

under the Plan. *See* 29 U.S.C. § 1139(a) ("A civil action may be brought by (1) a participant or beneficiary . . . (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"); *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 429 (7th Cir. 2005) (complaint sufficiently alleged an ERISA § 502(a) claim by identifying "defendants' failure to give plaintiff the benefits under the medical plan that he had been promised."). Accordingly, the motion to dismiss is denied.

II. Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings under Fed. R. Civ. P. 12(c) based on plaintiff's alleged failure to exhaust administrative remedies. In support of their motion, they submit two Explanation of Benefits ("EOB") forms provided to Gottlieb concerning Rog's July 2003 and May 2004 hospitalizations. (Exhibit 1.) Neither of these documents were attached to or incorporated in the pleadings. Therefore, I will not consider them in ruling on this motion under Rule 12(c). *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 n.5 (7th Cir. 1998) ("information, which is not part of the pleadings, is clearly outside the scope of Rule 12(c)"); Wright & Miller, 5C Fed. Prac.

& Proc. Civ.3d § 1368 (2006) (judgment on the pleadings may be granted only "if all material issues can be resolved on the pleadings").[3]

Gottlieb has sufficiently pled its case. A court may grant a Rule 12(c) motion only if it appears beyond a doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Northern Indiana Gun & Outdoor*, 163 F.3d at 452. Moreover, I must accept all well pleaded facts as true and view the allegations in the complaint in the light most favorable to the nonmoving party. *Id.* As already discussed, plaintiff alleges the elements of a claim for denial of benefits under the Plan provided and administered by defendants. (Counts I-II.) Plaintiff also sufficiently alleges it requested a copy of documents concerning the Plan, which defendants did not provide in the required statutory period. (Count III.) Accordingly, defendants' motion for judgment on the pleadings is denied.

---

[3]Neither party requested I convert this Rule 12(c) motion into a Rule 56 motion for summary judgment.

### III. Conclusion

For the reasons stated herein, defendants' motion to dismiss and motion for judgment on the pleadings are denied.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: September 14, 2006